Ice Milk — Restaurants — Inspection — Control The State Department of Health has the power to inspect and license retail food firms and food-eating establishments. The Department of Agriculture has the power to license and inspect the manufacturing process of frozen dairy dessert (ice milk). The State Board of Agriculture has the duty to inspect, as does the State Department of Health, buildings occupied by retail dealers in milk, frozen dairy desserts, etc., as provided in 2 O.S. 7-2 [2-7-2] (1961). The Attorney General is in receipt of your letter dated February 7, 1968, requesting an official opinion on the following question: Which department of state government, the department of agriculture or the state health department, has the power to inspect and license the frozen dairy dessert (ice milk) facilities of a retail food establishment, or is there a duplication intended by the statutes? 63 O.S. 1-1118 [63-1-1118] (1963), provides in part as follows: "It shall be unlawful for any person to operate or maintain a restaurant, cafe, delicatessen, commissary, catering service, club, tavern, bar, drink fountain, confectionery, grocery store, fruit or vegetable store, bakery, meat market, or any similar place, stationary or otherwise, where food or drink is offered for sale, or sold, to the public, unless he is the holder of a license issued for such purpose by the State Commissioner of Health. Each such license shall expire on the 30th day of June following its issuance, and the Commissioner shall charge and collect for each such license an annual fee not to exceed Five Dollars ($5.00), to be fixed by the State Board of Health. . . ." 63 O.S. 1-1101 [63-1-1101] (1967), provides in part as follows: "(a) The term `food' means (1) articles used for food or drink for man, (2) chewing gum, and (3) articles used for components of any such article. . . ." 63 O.S. 1-1102 [63-1-1102] (1967), provides in part as follows: "The following acts and the causing thereof within the State of Oklahoma are hereby prohibited. . . (f) the refusal to permit entry or inspection, . . . as authorized by Section 1115 of this article." 63 O.S. 1-1115 [63-1-1115] (1967), provides in part as follows: "The State Commissioner of Health or his duly authorized agent shall have free access at all reasonable hours to any factory, warehouse, or establishment in which foods are manufactured, processed, packed, or held for introduction into commerce, or to enter any vehicle being used to transport or hold such foods in commerce after notice to the owner, or person in charge of such factory, warehouse, establishment, or vehicle, for the purpose: "(1) of inspecting such factory, warehouse, establishment or vehicle to determine if any of the provisions of this Article are being violated, . . . and provided, further, that nothing in this Article shall be construed to limit, modify, repeal or affect in any way the powers, duties or functions of the State Board of Agriculture. . . ." 63 O.S. 1-106 [63-1-106], provides in part: "(b) The Commission shall have the following powers and duties, unless otherwise directed by the State Board of Health . . . (4) cause investigations, inquiries and inspections to be made to enforce and make effective the provisions of this Code, and rules, regulations . . ." Further, 63 O.S. 1-1118 [63-1-1118](b) (1967), provides as follows: "The State Board of Health shall adopt reasonable standards, rules and regulations for sanitation of places referred to in the preceding paragraph of this section, 63 O.S.Supp. 1967 Section 1-1118[63-1-1118] [63-1-1118](a) including the following items: buildings, vehicles, and appurtenances thereto, . . ." It is apparent the State Department of Health has jurisdiction to license and inspect a retail food establishment. However, it is noted such establishments are not only in the business of selling frozen dairy desserts, but are often in the business of manufacturing such frozen dairy dessert with the facilities located on the premises of the retail food establishments. From the above quoted language of 63 O.S. 1-1115 [63-1-1115] (1967), it is obvious that the Legislature intended to vest in the State Commissioner of Health powers which were not in any way to affect the powers of the State Board of Agriculture. 2 O.S. 7-6 [2-7-6] (1967), states in part as follows: "For the purpose of aiding in the payment of the expense of enforcing laws regulating the dairy industry in this State, each person, firm or corporation engaging in business in this State shall pay in advance, for each fiscal year, to the State Board of Agriculture, for deposit in the State Department of Agriculture Trust Fund, the following fees: . . . "For each frozen dairy desserts factory manufacturing one gallon of frozen dairy desserts to twenty-five thousand gallons of frozen dairy desserts per year, Five Dollars ($5.00); twenty-five thousand one gallons to fifty thousand gallons per year, Ten Dollars ($10.00); fifty thousand one gallons to one hundred thousand gallons per year, Fifteen Dollars ($ 15.00); one hundred thousand one gallons and over per year, Twenty Dollars ($20.00) . . . "The State Board of Agriculture shall have authority to revoke any license issued under the provisions of this section for a violation of any of the provisions of this section, or any rule or regulation made by the Board hereunder. Retail food firms and food-eating establishments are exempt from the provisions of this Act. . . ." In view of the above it seems apparent the Legislature did not intend the State Department of Agriculture to license retail food firms and food eating establishments unless the same was in fact a retail manufacturer. A retail manufacturer is then required to be licensed by the State Board of Agriculture as provided in 2 O.S. 7-6 [2-7-6] (1967). 2 O.S. 7-2 [2-7-2] (1961), provides as follows to wit: "It shall be the duty of the State Board of Agriculture to inspect, or cause to be inspected, at least once each year and as often as deemed necessary by the State Board of Agriculture, all creameries, public dairies, butter and cheese factories, milk depots, milk and cream collecting stations, market houses where dairy products are sold, buildings occupied by retail dealers in milk, frozen dairy desserts, cream, butter or cheese, all vehicles used for the redistribution of milk and cream, and all railroad cars, vehicles and other means of transporting milk and cream to markets; and to prescribe such rules and regulations as the Board deems necessary to carry out the provisions of law now in force or that may be hereafter enacted regarding dairy products, the dairy industry, and the sanitary condition of dairy plants, rooms or places where dairy products are manufactured, kept for sale or distribution or stored, or vehicles designed to carry or carrying dairy products. Such rules and regulations shall be published in bulletins issued by the Board." You will note that the statute places the duty upon the State Board of Agriculture to inspect "market houses where dairy products are sold, buildings occupied by retail dealers in milk, frozen dairy desserts, cream, butter, or cheese. . . ." The term "ice milk" is defined at 2 O.S. 1967 [2-1967]. The term "frozen dairy dessert" is defined at 2 O.S. 7-112 [2-7-112] (1967), quoted in part as follows: "The term `Frozen Dairy Dessert' means any frozen dessert containing a dairy product, or dairy products, in any quantity, . . ." It is therefore the opinion of the Attorney General that the State Department of Health has the power to inspect and license retail food firms and food-eating establishments. It is further the opinion of the Attorney General that the Department of Agriculture has the power to license and inspect the manufacturing process of frozen dairy dessert (ice milk). It is further the opinion of the Attorney General that the State Board of Agriculture has the duty to inspect, as does the State Department of Health, buildings occupied by retail dealers in milk, frozen dairy desserts, etc., as provided in 2 O.S. 7-2 [2-7-2] (1961). (W. Howard O'Bryan Jr.)